UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT K FOWLER                                                              PETITIONER

V.                                              CIVIL ACTION NO. 1:07CV308-WAP-JAD

LAWRENCE KELLY, ET AL.                                                      RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss Fowler's petition for habeas corpus on the grounds that it is untimely (Doc. 7). Fowler has filed a response in opposition and the respondents have replied.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) establishes the procedure for federal habeas corpus petitions. 28 U.S.C. § 2244(d) provides, in pertinent part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ****
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

Fowler pled guilty to armed robbery and attempted murder in the Circuit Court of Oktibbeha County, Mississippi on November 2, 2001. He was sentenced on January 26, 2002. Mississippi case law allows a thirty day period following the entry of a guilty plea in which to appeal an illegal sentence. Fowler prosecuted a timely appeal. His conviction and sentence were affirmed by the Mississippi Court of Appeals on November 22, 2005. A subsequent petition for rehearing was denied. The Mississippi Supreme

Court denied the petition for certiorari on January 26, 2006. Adding the ninety day period for filing a petition of certiorari to the United States Supreme Court, Fowler's conviction became final on April 26, 2006.

On April 24, 2007 Fowler filed a motion for post-conviction relief in the Circuit Court of Oktibbeha County, Mississippi. This motion was denied on May 1, 2007. The respondents admit that the federal period of limitations is tolled during the pendency of this state court action. Fowler did not appeal the circuit court action to the Mississippi Supreme Court. Fowler did file a petition for leave to file with the Mississippi Supreme Court but this filing in July, 2007, does not trigger the tolling provisions of the AEDPA. The remaining two days for filing his federal petition after the circuit court denial expired well before Fowler filed his federal petition between November 28, 2007 and December 3, 2007.

Fowler seeks to assert that his statute of limitations should also be tolled during the pendency of an earlier federal habeas action. That action was filed and dismissed in 2006 without prejudice because Fowler had failed to exhaust his state court remedies. The AEDPA provides for tolling during the pendency of a properly filed state post-conviction action. The period of limitations is not tolled during the pendency of any federal action. *Duncan v. Walker*, 533 U.S.167, 181, 121 S.Ct. 2120, 2129 (2001). The instant petition was not timely filed.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party wishes to file objections to these findings

and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file objections to the findings and recommendations contained in this report within ten days of the date of the order will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of April, 2008.

/s/ JERRY A. DAVIS_____ \_\_
UNITED STATES MAGISTRATE JUDGE